Jeanne Anne Steffin, Esq.  (SBN. 49437)
Law Office of Jeanne Anne Steffin
25422 Trabuco Rd, Ste. 105-660
Lake Forest, California 92630
Telephone:   (626) 235-1173
Fax:               (626) 227-1999
Email: Jeanneannesteffin@gmail.com

Thomas P. Valet, Esq. (SBN. 2012219) *Pro Hac Vice*
Rappaport Glass Levine & Zullo, LLP
1355 Motor Parkway
Islandia, New York 11749
Telephone:   (631) 293-2300
Fax:               (631) 293-2918
Email:   tvalet@rapplaw.com

Attorneys for Plaintiffs
Terrance J. Yeomans and Cindy Yeomans

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Terrance J. Yeomans and Cindy Yeomans, | Case No.: ['21CV399] MMAMDD |
|---|---|
| Plaintiffs, | **COMPLAINT** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiffs, by and through their attorneys, Jeanne Anne Steffin and Thomas P. Valet, respectfully allege upon information and belief, the following:

**JURISDICTION AND VENUE**

1.  Jurisdiction for this action in the United States District Court arises under 28 U.S.C § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), which provides that a tort claim which is administratively denied or not given administrative

disposition within 6 months of the filing of the claim may be presented to a Federal District Court for judicial consideration.

2. Venue is based upon 28 U.S.C. 1402(b) in that the acts or omissions complained of occurred within this judicial district.

## FIRST CAUSE OF ACTION

## FOR MEDICAL MALPRACTICE

3. Prior to the commencement of this action, Plaintiffs Terrance J. Yeomans and Cindy Yeomans presented Administrative Tort Claims for Damage, Injury or Death (Standard Form 95) to the United States of America, Department of Veterans Affairs, Office of General Counsel, 810 Vermont Ave., Washington, D.C., 20420.

4. More than six months have elapsed since the filing of the aforesaid claims, and the claims have not been administratively resolved by the Department of Veterans Affairs.

5. Plaintiffs Terrance J. Yeomans and Cindy Yeomans are citizens and residents of the State of California, County of San Diego, within this Judicial District.

6. Upon information and belief, defendant United States of America, at all times mentioned herein, owned, operated, maintained, staffed and controlled a medical facility known as the Veterans Affairs Medical Center, San Diego (hereinafter "VAMC-SD"), within this judicial district.

7. Upon information and belief, the physicians, surgeons, nurses, attendants, anesthesiologists, nurse anesthetists, assistants, consultants, staff members, and other

medical care providers at the VAMC-SD were the ostensible agents, actual agents and employees of the Defendant United States of America, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents and employees with the consent of Defendant UNITED STATES OF AMERICA.

8. That Plaintiff Terrance J. Yeomans came under the care of VAMC-SD and the afore-mentioned physicians, surgeons, nurses, attendants, assistants, consultants and other health care providers at the VAMC-SD, for the purpose of receiving medical care and treatment for various medical conditions, including those of a urologic nature. The Defendant, through its agents and employees, undertook and agreed to care for and treat the Plaintiff, thereby creating a duty of care to Plaintiff Terrance J. Yeomans. Among the conditions for which Plaintiff presented himself to the VAMC-SD were complaints relating to urination.

9. On or about March 22, 2017, Plaintiff Terrance J. Yeomans verbally expressed complaints to his health care providers at VAMC-SD that he was urinating frequently, including having to urinate during the night, and he specifically requested to be seen by a Urologist. Frequent urination is a sign that is consistent with an enlarged prostate and with prostate cancer.

10. Plaintiff's March 22, 2017, request to be seen by a Urologist was denied by the health care providers at VAMC-SD.

11. After March 22, 2017, through the Spring of 2018, Plaintiff continued to be seen by health care providers at VAMC-SD and continued to complain about issues

relating to urination. He was never seen, however, by a Urologist at the VAMC-SD nor was a consultation with a Urologist requested by any health care provider at VAMC-SD.

12. In fact, after the Defendant failed to refer plaintiff to a VA Urologist, Plaintiff was ultimately forced to seek out the services of a private physician in order to receive the correct diagnosis and treatment for his prostate cancer. However, by that time, in July, 2018, his prostate cancer had spread and he had extensive metastasis, thus precluding care for his condition.

13. That in the aforementioned treatment of Plaintiff Terrance J. Yeomans, and specifically with respect to the careless manner in which the Defendant, its ostensible agents, actual agents, and employees, treated his complaints with regard to urination, and failed to refer Plaintiff to a Urologist, the Defendant negligently failed to possess and failed to exercise that degree of knowledge and skill ordinarily possessed and exercised by other hospitals, physicians, nurses, attendants, assistants, consultants and contractors in the same or similar locality.

14. Defendant, its ostensible agents, servants, physicians, staff members, employees and/or independent contractors were careless and negligent in care and treatment of Plaintiff, Terrance J. Yeomans, in that they failed to properly treat him in accordance with ordinary and customary medical standards; failed to act reasonably in their care and treatment of the Plaintiff; failed to properly examine Plaintiff; failed to properly recognize the significance of the signs, symptoms and complaints with which he presented; failed to timely and properly diagnose an enlarged prostate; failed to timely

and properly diagnose and treat prostate cancer; delayed the timely diagnosis of Plaintiff's prostate cancer; delayed the onset of treatment for Plaintiff's prostate cancer; caused Plaintiff's cancer to remain undiagnosed for a significant length of time, causing the cancer to grow and to spread, thereby impacting the available treatment options for Plaintiff and significantly negatively affecting his prognosis; deprived Plaintiff of the possibility that his cancer could be effectively treated and/or cured; caused Plaintiff's cancer to spread and metastasize; reduced Plaintiff's life expectancy; and negatively affected Plaintiff's quality of life; and otherwise departed from accepted standards of medical care in the treatment given to the Plaintiff, Terrance J. Yeomans.

15. As a proximate result of the aforesaid negligence and medical malpractice, Plaintiff Terrance J. Yeoman's prostate cancer grew, progressed, spread and metastasized to his bones and lymph nodes; Plaintiff has experienced and will continue to experience pain and suffering and suffered loss of enjoyment of life as a result of his injuries; Plaintiff's life expectancy has been reduced; and Plaintiff lost the chance of having his cancer successfully treated or cured.

16. That by reason of the foregoing, Plaintiff Terrance J. Yeomans has been damaged in a sum not to exceed $10,000,000.00.

///

///

///

///

## SECOND CAUSE OF ACTION

## FOR FAILURE TO OBTAIN INFORMED CONSENT

17. Plaintiffs repeat the prior paragraphs of this Complaint as if fully set forth herein.

18. The Defendants, their agents, servants and/or employees, failed to inform Plaintiff Terrence J. Yeomans of the risks, benefits and alternatives related to the care and treatment they provided to her so that an informed consent could be provided.

19. A reasonably prudent person in Plaintiff's position would not have undergone the care and treatment provided by the Defendant, its agents, servants and/or employees if they had been fully informed of the risks, benefits and alternatives related to the care and treatment provided by Defendant.

20. That as a consequence of the foregoing, there was no informed consent to the care and treatment provided by Defendant to the Plaintiff.

21. The failure to adequately and fully inform Plaintiff of the risks, benefits and alternatives related to the care and treatment provided by Defendant was a proximate cause of the injuries Plaintiff Terrence J. Yeomans sustained.

22. As a proximate result of the aforesaid failure to obtain proper informed consent, Plaintiff Terrance J. Yeoman's prostate cancer grew, progressed, spread and metastasized to his bones and lymph nodes; Plaintiff has experienced and will continue to experience pain and suffering and suffered loss of enjoyment of life as a result of his

injuries; Plaintiff's life expectancy has been reduced; and Plaintiff lost the chance of having his cancer successfully treated or cured.

23. That by reason of the foregoing, Plaintiff Terrance J. Yeomans has been damaged in a sum not to exceed $10,000,000.00.

## THIRD CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF CINDY YEOMANS

24. Plaintiffs repeat the prior paragraphs of this Complaint as if fully set forth herein.

25. That at all times hereinafter mentioned, Plaintiff Cindy Yeomans was and still is the lawful wife of Plaintiff Terrance J. Yeomans and as such cohabited together with him and she was entitled to the services, society, enjoyment, companionship, comfort, support and consortium of her spouse.

26. That solely by reason of the negligence, carelessness and malpractice of the Defendants, Plaintiff Cindy Yeomans has been deprived of the services, society, enjoyment, companionship, comfort, support and consortium of her husband and such loss is continuing into the future, and she has been compelled to incur hospital and medical expenses on her husband's behalf and such expenses are continuing into the future, all to her damage.

27. By reason of the foregoing, Plaintiff Cindy Yeomans has been damaged in a sum not to exceed $1,000,000.00.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, United States of America in the amount of $10,000,000.00 on the First Cause of Action, $10,000,000.00 on the Second Cause of Action, and $1,000,000.00 on the Third Cause of Action, together with the interest, costs and disbursements of this action; and an award of such other and further relief as this Court may deem just and proper.

Dated: March 5, 2021

LAW OFFICE OF JEANNE ANNE STEFFIN
*Attorney for Plaintiffs*

   s/ Jeanne Anne Steffin_____
By:  Jeanne Anne Steffin, Esq.
25422 Trabuco Rd, Ste. 105-660
Lake Forest, California 92630
Telephone:  (626) 235-1173
Fax:             (626) 227-1999
Email: Jeanneannesteffin@gmail.com

RAPPAPORT, GLASS, LEVINE & ZULLO, LLP
*Attorneys for Plaintiff*

   s/ Thomas P. Valet_____
By:  Thomas P. Valet, Esq., *Pro Hac Vice*
1355 Motor Parkway
Islandia, New York 11749
Telephone:  (631) 293-2300
Fax:             (631) 293-2918
Email: tvalet@rapplaw.com