# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE J. YEOMANS and CINDY YEOMANS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Case No. 21-cv-399-MMA (MDD)<br><br>**ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW**<br><br>[Doc. No. 19] |

On February 24, 2022, Plaintiffs' counsel, Thomas P. Valet and Jeanne Anne Steffin ("Counsel"), filed a motion to withdraw as counsel of record for Plaintiffs Terrance J. Yeomans and Cindy Yeomans ("Plaintiffs"). Doc. No. 19. The motion is unopposed. *See* Docket; *see also* Doc. No. 18.

## DISCUSSION

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *see also* CivLR 83.3.f.3. The decision to grant or deny a motion for withdrawal is within the Court's sound discretion, and "[i]n ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which

withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11cv2540-IEG (WVG), 2013 U.S. Dist. LEXIS 8053, at *5 (S.D. Cal. Jan. 14, 2013) (citation omitted).

Upon due consideration of Counsel's motion and declaration, the Court finds good cause for Counsel's withdrawal. As to the first factor, Counsel argues they seek withdrawal because Mr. Valet's discussions with Plaintiffs and their family have become complicated by Mr. Yeomans's death and Ms. Yeomans's communication abilities. Doc. No. 19-1 at 3.[1] Mr. Valet elaborates that his "discussions with the Yeomans family have resulted in a disagreement between [them] as to how the case should be prosecuted going forward." *Id.* Specifically, Counsel asserts that the disagreements with Plaintiffs' family concern "whether and how the case should be prosecuted following Mr. Yeoman's death." *Id.* The Court finds Counsel provides good reasons to seek withdrawal.

As to the second factor, Counsel argues that neither party will suffer prejudice because the action "was in its legal infancy when Mr. Yeomans died," specifically noting that "[t]here are no pending deadlines that would be affected by withdrawal" and "[n]o trial date has been set." *Id.* Moreover, Counsel properly notified all parties of their intent to withdraw as counsel. Doc. No. 19-2 at 2; CivLR 83.3.f.3.b. Thus, the Court finds that prejudice is minimal.

As to the third factor, Counsel argues that withdrawal would cause no harm to the administration of justice because Counsel and their offices are "not able to effectively represent the interests of the Yeomans family in this matter given the current disagreement between [them] of how this case should be prosecuted going forward." Doc. No. 19-1 at 3. Counsel asserts that new counsel would be better suited to represent Plaintiffs "in accordance with their own views of this case." *Id.* The Court finds the third factor weighs in favor of Counsel's motion.

As to the fourth factor, Counsel argues that the "case is in its legal infancy and

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

there are no deadlines established nor . . . a trial date," so withdrawal will not cause a significant delay to the action's resolution. Doc. No. 19-1 at 3. The Court finds the fourth factor also weighs in favor of Counsel's motion.

## CONCLUSION

After reviewing the record and the reasons for withdrawal noted by Counsel, and good cause appearing, the Court **GRANTS** Counsel's motion to withdraw. The Court **DIRECTS** the Clerk of Court to terminate Thomas P. Valet and Jeanne Anne Steffin, and their respective firms, as attorneys of record for Plaintiffs.

The Court further **ORDERS** Counsel to serve a copy of this Order on Plaintiffs. Counsel's motion noted that Plaintiffs intend to retain new counsel. Doc. No. 19-1 at 4. The Court cautions Plaintiffs that failure to retain new counsel will result in this action continuing with them proceeding *pro se*. See CivLR 83.11.

As this case has sat idle for nearly seven months, *see* Doc. Nos. 12–13, and Plaintiffs were previously on notice of counsel's intent to withdraw, *see* Doc. Nos. 15, 17, Plaintiffs must notify the Court if they intend to proceed *pro se* on or before **June 9, 2022**; alternatively, if Plaintiffs choose to retain new counsel, the new counsel must file a notice of appearance on or before **June 9, 2022**. The Court then **DIRECTS** Plaintiffs, either *pro se* or through their newly retained counsel, to file a Rule 25 motion to substitute a party on or before **June 30, 2022**. *See* Fed. R. Civ. P. 25(a)(1). Defendants must file an opposition, if any, on or before **July 21, 2022**. Plaintiffs may file a reply, if any, on or before **July 28, 2022**. These dates have no bearing on the Rule 25 timeliness. If a Rule 25 motion is not filed on or before June 30, 2022, Mr. Yeomans and his individual claims will be dismissed from this action. *See* Fed. R. Civ. P. 25(a)(1).

**IT IS SO ORDERED**.

Dated: April 8, 2022

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge